# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01568-COA

ROBERT HEDRICK A/K/A PLUM                                    APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:              09/28/2015
TRIAL JUDGE:                   HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:     CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        OFFICE OF STATE PUBLIC DEFENDER
                               BY: GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: LAURA HOGAN TEDDER
DISTRICT ATTORNEY:             ALEXANDER C. MARTIN
NATURE OF THE CASE:            CRIMINAL - FELONY
TRIAL COURT DISPOSITION:       CONVICTED OF BURGLARY OF A
                               DWELLING AND SENTENCED AS A
                               HABITUAL OFFENDER TO SERVE
                               TWENTY-FIVE YEARS IN THE CUSTODY
                               OF THE MISSISSIPPI DEPARTMENT OF
                               CORRECTIONS WITHOUT ELIGIBILITY
                               FOR PAROLE OR PROBATION
DISPOSITION:                   AFFIRMED - 03/14/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.    In September 2015, Robert Hedrick was convicted by a jury in the Claiborne County

Circuit Court of burglary of a dwelling.  Hedrick was sentenced as a "nonviolent" habitual

offender, to serve a term of twenty-five years in the custody of the Mississippi Department

of Corrections (MDOC).  Hedrick filed a motion for a judgment notwithstanding the verdict

(JNOV) or, in the alternative, a new trial. The circuit court denied the motion. Hedrick's appeal was assigned to the Office of State Public Defender, Indigent Appeals Division (IAD). His attorney asserted in his appellate brief that he had conducted a good-faith inquiry into arguable issues for appeal but ultimately could find none. Having reviewed the record, we also find no valid issues suitable for review and affirm the circuit court's judgment.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     Dolores Hubbard and her companion John Dickey shared a home in Pattison, Mississippi. On January 16, 2015, Dickey was in the intensive-care unit at a hospital in Vicksburg, Mississippi, where Hubbard remained overnight with Dickey. Upon arriving back at her home on January 17, 2015, Hubbard realized her home had been burglarized. Items reportedly taken from the home included small sums of money, a laptop computer, a camera, a cordless drill, and guns. Hubbard also discovered that the burglar-bars—protecting a window located on the side of the home—had been pried open. Hubbard then contacted the Claiborne County Sheriff's Office to report the incident.

¶3.     Days later, while at a store in Pattison, Hubbard noticed a woman she had spoken with, Laquisha Wilson, was in possession of her stolen laptop. Hubbard reported this interaction to the sheriff's office. The sheriff's office appeared on scene, but recovered no items at that time. Hubbard returned to the store on a separate day and was approached by Carl McDaniel, who claimed that he could get Hubbard's laptop back for her. Investigator Michael Wells of the sheriff's office eventually spoke with Wilson and McDaniel regarding

2

the laptop. Wilson and McDaniel informed Wells they had received the laptop from Hedrick. McDaniel subsequently surrendered the laptop to Wells.

¶4.     Hubbard later spoke with her son, Derrick Jones, who informed her that Hedrick wished to speak with her regarding the burglary.  Hubbard testified that Hedrick thereafter came to her home on several occasions, accompanied at various times by Malcolm Hedrick, Jonathan Townsend, and Hedrick's wife, Shetonia.  Hubbard stated that Hedrick admitted breaking into her home, but that Hedrick did so under the influence of Townsend.  During the course of Hubbard and Hedrick's first conversation, Hubbard requested information on the missing items; she later learned that another item, a screwdriver set, had been taken as well.  With regard to the money that was stolen, Hedrick allegedly told Hubbard that Malcolm and Townsend must have reentered the house after him and were responsible for the stolen money.  Hubbard then testified that Hedrick offered her money for the missing items, which she declined.  Dickey testified to hearing Hedrick's admission to Hubbard. Jones, however, testified that after Hedrick admitted breaking-in to Hubbard, Hedrick told Jones he was instead a lookout for Malcolm and Townsend.

¶5.     Sheriff Marvin Lucas testified that Hedrick phoned him to inform him that Hedrick was in possession of the camera and the drill, but that Hedrick claimed he found the items in the woods.  Lucas later went to Hedrick's house and retrieved the items.  In his defense, Hedrick presented testimony through his brother, Stefano Hedrick.  Stefano stated that he, his father, Hedrick, and Shetonia remained at the home all day and night on January 16,

3

2015, and the morning of January 17, 2015. Shetonia testified to the same effect. Shetonia also testified that Hedrick never admitted participating in the burglary to Hubbard while in Shetonia's presence. She further testified that Hedrick obtained the items from a young boy, who claimed to have found the items lying in a ditch.

¶6. After a trial, the jury returned a guilty verdict convicting Hedrick of burglary of a dwelling, and he was sentenced to a term of twenty-five years' imprisonment in the custody of the MDOC. He filed a motion for a JNOV or, in the alternative, a new trial. The circuit court denied the motion, and Hedrick appealed. His case was assigned to the IAD.

¶7. His IAD attorney submitted a brief stating that he was unable to find any arguable issue for appeal despite a good-faith inquiry into Hedrick's case. The IAD attorney listed eleven matters he had considered, reviewed, and included in his inquiry. He acknowledged his willingness to submit supplemental briefing on any issues requested by this Court and requested that the Court grant Hedrick forty days of additional time in which to file a pro se brief should he desire to do so. After being granted the requisite forty days, Hedrick filed a pro se brief, alleging he received ineffective assistance of counsel.

## DISCUSSION

¶8. The case of *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), governs this appeal. In *Lindsey*, the Mississippi Supreme Court promulgated procedures an attorney must follow when the "appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Id.* at 748 (¶18). When this

4

situation arises, an attorney must:

(1)    [F]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); . . .

(2)    . . . [C]ertify [in the brief] that there are no arguable issues supporting the client's appeal, and [that the attorney] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and] . . .

(3)    . . . [S]end a copy of the brief to the defendant, inform the [defendant] that counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief.

*Lindsey*, 939 So. 2d at 748 (¶18) (citations omitted).

¶9.    Hedrick's counsel has complied with the requirements of *Lindsey*. Counsel further petitioned this Court for an extension of time for Hedrick to submit a pro se brief. The extension was granted. Having reviewed the record, however, we cannot find any arguable issue for appeal or reversible error committed at the trial level. As such, we dismiss Hedrick's ineffective-assistance-of-counsel claim without prejudice to his ability to raise it in postconviction proceedings, if he chooses to do so, and affirm Hedrick's conviction and sentence.

¶10.    **THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE**

**ASSESSED TO CLAIBORNE COUNTY.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**